## THE BANK OF THE STATE *vs.* HUBBARD.

Where the declaration expressly states that the defendant executed a note, *as principal*, and the note produced on oyer, is executed by another person as principal, and by the defendant *as security*, the variation is fatal on demurrer.

THIS was an action of debt, determined in the Pulaski Circuit Court, in November, 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. The Bank sued Hubbard, declaring that he executed the note sued on, *as principal.* On oyer craved, a note was filed, executed by another person as principal, and by Hubbard as security. He demurred for the variance. Demurrer sustained, and final judgment for the defendant. The Bank brought error.

*Hempstead & Johnson*, for plaintiff in error. A written instrument or contract should be stated according to its legal effect. *Com. Dig. Pleader*, C. 37. 2 *Saund. Rep.* 97, n. 2. *Stephen- on Plead.* 432; *Close vs. Miller*, 10 *J. R.* 90. *Leiber et al. vs. Scott*, 2 *Wend. Roysdon vs. Sumner*, 2 *Ark.*

The party is not compelled to follow the precise form of words in which the contract was made; it suffices if he states its true legal effect and operation. It has been well observed, that a deed may be declared on without using a word which was contained in it, except the names of the parties and the sums. 1 *Chitty's Pl.* 334.

There is an obvious difference between an averment which seeks to identify an instrument, and one which seeks to set forth the liability of the party, of which latter kind is the averment in the declaration.

This is a joint and several obligation on its face, but if it were not so, it would have that effect by our statute. *Rev. Stat. sec.* 3, *p.* 475.

It is clearly agreed, that two or more may bind themselves jointly in an obligation; or they may bind themselves jointly and severally; in which case the obligee may sue them all jointly, or he may sue any one of them at his pleasure. 5 *Co.* 19; *Salk.* 393; *Bac. Abr. D. title Obligation.*

It is no objection on demurrer, that a joint bond is declared on as joint and several; for, by statute, all joint bonds may be sued on in the same manner as if they were joint and several. *Auditor vs. Woodruff*, 2 *Ark.* 73.

Where only part of the co-obligors in a bond are sued, it is not necessary to mention those who are not sued, in the declaration. *Taylor vs. Auditor*, 2 *Ark.* 174.

Another objection taken to the declaration is, that there is a variance in this, that it appears that other persons executed the instrument with the defendant, as co-obligors. The Court is referred to 1 *Saund. Rep.* 154, *n.* 1. It is asserted in this case, that where an action is brought against one of several joint contractors or obligors, the defendant can only take advantage of it by plea in abatement.

This is the rule, even where the contract is *joint,* and where the record shows that there is a non-joinder of parties. *Vide Cabell vs. Vaughn,* 1 *Saund. Rep.* 292, *n.* 4. *Rice vs. Shute,* 5 *Burr.* 2612. 1 *Chit. Pl.* 50.

Where a contract is *joint and several,* in an action against one, it is not necessary to notice the other. 5 *Co.* 119. 4 *Camp. Rep.* 34. *Chit. Pl.* 11, *n. k. Chit. on Bills,* 7 ed. 346.

If many bind themselves by these words: *obligamus nos et utrumque nostrum,* the obligation is joint and several, and all may be sued jointly, or each separately. 2 *Rol.* 148. *Dy.* 310, *a.* 5 *Com. Dig. title Obligations.*

As to joint and several obligations, see 5 *Com. Dig. title Obligations.*

Our statute gives the right of suit against one or all; but that there shall be but one satisfaction. *Rev. Stat.*

*Fowler,* contra. The declaration in this case cannot be sustained on the ground that the contract is set out according to its legal effect; nor is this princple perceived to be materially involved in the record. It is a question of description. A contract may be set out according to its legal effect, and yet fall far short of correct description. A trivial variance in setting out a contract, a record, or any written instrument, is fatal, because it does not appear that the contract, given

The Bank of the State *vs.* Hubbard.

in evidence, is that on which the plaintiff declares it is matter of description. On page 307, it is laid down, that any variance is equally fatal, whether upon the contract itself, or upon any collateral matter. 1 *Ch. Pl.* 304.

The words " for value received," in setting forth a promissory note in a declaration, are words of *description*, and not an averment; and if the note, produced in evidence, want those words, it is a fatal variance. *Saxton vs. Johnson,* 10 *J. R.* 118.

If a note is payable at a particular place, if the place be omitted in the declaration, it is a fatal variance. *Sebree vs. Dorr,* 5 *Cond. Rep.* 680. *Sumner vs. Ford,* 3 *Ark.*

*By the Court,* DICKINSON, J. It is certainly true, as a general rule, that the contract sued on, need only be set out according to its legal tenor and effect; but, if the plaintiff elects to give a more precise and particular description of the instrument, he must set it out with accuracy. Having elected to set out the character in which the party contracted, the description must correspond with the obligation produced upon oyer. CHITTY, in his *Pleading,* 1 *vol.,* 304, lays it down as a general rule, that a trivial variance in setting out a contract, a record, or any written instrument, is fatal; because it does not happen that the contract in evidence is the same upon which he declares, it being matter of description. And this rule is said to hold good, whether it be upon the contract itself, or upon some collateral matter. 10 *J. R.* 418. 5 *Cond. R.* 680. The principle established by these authorities clearly show, that there was a variance between the description of the writing sued on, and the one given upon oyer. The defendant being described as principal, he cannot be charged, as security. We see no error in the proceedings of the Circuit Court.

Judgment affirmed.